NO. 07-12-0110-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2013
_____

ANTWAUN LASHAUN DOVE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,282; HONORABLE DAN MIKE BIRD, JUDGE

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In 2009, Appellant, Antwaun Lashaun Dove, was placed on deferred adjudication community supervision for six years for possession of a prohibited weapon in a weapon-free zone.[1] Following a plea of not true to allegations contained in the State's *First Amended Motion to Proceed with an Adjudication of Guilt* that Appellant had violated the terms and conditions of community supervision, on February 27, 2012, the trial court

[1] TEX. PENAL CODE ANN. §§ 46.05, 46.11 (WEST SUPP. 2012). Possession of a prohibited weapon in a weapon-free zone is a second degree felony.

held a hearing.  Evidence was presented to support the State's allegations and the trial court found the allegations to be true,[2] adjudicated Appellant guilty of the charged offense and assessed punishment at sixteen years confinement.  In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.  We grant counsel=s motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this Court granted Appellant an opportunity to

---

[2]The trial court found that Appellant had committed new offenses, failed to report to his community supervision officer and failed to pay his costs and fees.

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[4]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court=s Certification of Defendant=s Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

exercise his right to file a response to counsel=s brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

Appellant was originally charged with possessing a short-barrel firearm within 300 feet of an elementary school. According to the testimony, while on deferred adjudication community supervision, Appellant failed to report to his community supervision officer in December 2010 and all of 2011. He also failed to pay his costs and fees. A police officer testified that Appellant was stopped for driving while intoxicated on June 21, 2011, and another officer testified that Appellant's girlfriend called 911 on December 19, 2011, to report assault on a family member. His girlfriend and mother of his three children testified that Appellant accidentally hit her in the mouth with a remote while they were arguing but that she wanted him out of the house and called 911.

By the *Anders* brief, counsel raises the following potential issues: (1) error in the indictment; (2) voluntariness of the guilty plea; (3) sufficiency of the evidence to show Appellant violated the terms of his community supervision; (4) error in sentencing; (5) erroneous evidentiary rulings that affected Appellant's substantial rights; and (6) ineffective assistance of trial counsel's representation. Counsel then explains that reversible error is not presented and there are no good faith grounds to support this appeal.

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (WEST SUPP. 2012). When reviewing an order revoking community supervision imposed

3

under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

Notwithstanding defense counsel's argument at the adjudication hearing that the State failed to prove Appellant committed new offenses, his failure to report as required is sufficient to find that he violated the terms and conditions of deferred adjudication community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex.Crim.App. 2009) (holding that one sufficient ground for revocation supports the trial court's order revoking community supervision).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing

the record and counsel=s brief, we agree with counsel that there are no plausible grounds for appeal.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle<br>
Justice

Do not publish.